No. C-791

**Larry G. Marshall and Sally J. Marshall v. School District RE #3 Morgan County, Colorado**

(553 P.2d 784)

Decided August 23, 1976.

Donald E. Janklow, for petitioners.

Edward L. Zorn, George A. Epperson, Donald F. McClary, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The county court and, on appeal, the district court held that a school district does not have a constitutional duty to furnish without charge the use of school books in connection with the education of the children of non-indigent parents. We granted certiorari to review the decision of the district court, and now affirm.

The action was commenced against the parents of three students between the ages of six and twenty-one to recover $55.25 as rental fees of books used by the children in connection with their public school studies. The facts were stipulated and we summarize them in pertinent part as follows:

The defendants were residents of Morgan County (and we assume of the school district); they were not indigent and made no claim as such; pursuant to the policy of the school district, rental fees for the books were payable by the defendants in the amount of $55.25 over a period of three years; the children of the defendants used the books, but the defendants deny liability under *Colo. Const.* Art. IX § 2; the school district operates public schools and received portions of state public school funds for the years involved.

*Colo. Const.* Art. IX § 2 provides as follows:

"The general assembly shall, as soon as practicable, provide for the establishment and maintenance of a thorough and uniform system of free public schools throughout the state, wherein all residents of the state, between the ages of six and twenty-one years, may be educated gratuitously. One or more public schools shall be maintained in each school district within the state, at least three months in each year; any school district failing to have such school shall not be entitled to receive any portion of the school fund for that year."

The parties in their brief cite opinions from the highest appellate courts of seven jurisdictions: Arizona, Idaho. Illinois, Indiana, Michigan, Montana and Wisconsin. Of these, Arizona, Illinois, Indiana and Wisconsin support affirmance.[1] Idaho, Michigan and Montana support reversal, *i.e.*, for the proposition that the constitution mandates free use of books used in public schools.[2] The constitutional provisions of the seven states are not precisely identical to that of Colorado. They are sufficiently similar, however, that we think the rationale of those decisions is applicable here.

The cited opinions of Illinois and Wisconsin supporting affirmance emphasize that free public schooling as contemplated by the framers of their constitutions envisaged free facilities, faculty and other personnel, but not free books. For the proposition that one looks to the intent of the constitutional framers, here the school district cites *White v. Anderson*, 155 Colo. 291, 394 P.2d 333 (1964) and *People v. Stanley*, 81 Colo. 276, 255 P. 610 (1927).

We are not welded unbreakably to the proposition that social change or other vicissitudes, not contemplated by constitutional framers, are not to be considered in current interpretation of constitutional provisions. *See* Justice Brennan's concurring opinion in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, *rehearing denied*, 409 U.S. 902, 93 S.Ct. 89, 34 L.Ed.2d 163 (1972).

We conclude that it was not the intent of the framers of our constitution that school districts furnish books free to all students. We do not perceive any social changes or other vicissitudes which have occurred since the constitution was adopted to cause us to give another interpretation to the constitutional language.

The Colorado General Assembly has demonstrated quite amply that it so regarded the intent of the constitutional framers. Ninety-nine years ago the General Assembly adopted the statute which provided that school boards should have the power and it should be their duty "[t]o provide books for indigent children, on the written statement of the teacher, that the parents of such children are not able to purchase them." C.S. 1883, § 2803(9). Substantially the same provision has been in our statutes ever since. *See* § 22-32-109(1)(u), C.R.S. 1973. It is obvious that, if school districts were required to furnish free books to all pupils, there would be no need for this provision relative to indigent children.

---

[1] *Hamer v. Board of Education of School District No. 109*, 47 Ill.2d 480, 265 N.E.2d 616 (1970); *Chandler v. South Bend Community School Corporation*, 160 Ind. App. 592, 312 N.E.2d 915 (1974); *Board of Education v. Sinclair*, 65 Wis.2d 179, 222 N.W.2d 143 (1974).
[2] *Paulson v. Minidoka County School District No. 331*, 93 Idaho 469, 463 P.2d 935 (1970); *Bond, v. Public Schools of Ann Arbor School District*, 383 Mich. 693, 178 N.W.2d 484 (1970); *Granger v. Cascade County School District*, 159 Mont. 516, 499 P.2d 780 (1972).

Section 22-32-110(1)(o), C.R.S. 1973, provides that among the powers granted to a board of education in the exercise of its judgment is to "provide free use of textbooks to all school-age pupils enrolled in the public schools of the district." Again, there would be no need for this discretionary authority if the constitution contained a mandate in this respect. This power has been granted to school districts for 89 years. Colo. Sess. Laws 1887, 22-9 at 392.

Section 22-32-117(2), C.R.S. 1973 provides as follows:

"A board may not require a pupil who has not completed the twelfth grade to pay any fees as a condition of enrollment in schools, or as a condition of attendance in any course of study, instruction, or class, except tuition as authorized by law, charges and fees authorized by this section and section 22-32-118, and those fees reasonably necessary for textbooks or expendable supplies if such are not provided free of charge; except that miscellaneous fees may be collected on a voluntary basis as a condition of participation or attendance at a school-sponsored activity or program not within the academic portion of the educational program."

This statute was adopted in 1964. Colo. Sess. Laws 1964, ch. 73, 123-30-18 at 587.

While it has been called to our attention that the Colorado State Board of Education is of the opinion that *Colo. Const.* Art. IX, § 2 requires free textbooks to be furnished, we find the statutory enactments above mentioned more persuasive as to the intent of the constitutional framers.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY dissent.